**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

ROBERT H. SHEMWELL, JR., ET AL       CIVIL ACTION NO. 06-1808

VERSUS       JUDGE S. MAURICE HICKS, JR.

JOHN W. LUSTER       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is an appeal taken pursuant to Fed. Rule App. Proc. 4(a) from an order of the United States Bankruptcy Court for the Western District of Louisiana entered on September 26, 2006 granting a Rule 60(b) motion in favor of Appellee John W. Luster. [Doc. No. 1-2].  That order purports to relieve the parties, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, from the "final effect" of an order entered on August 23, 2005 [Doc. No. 4-222] and states that the order "shall have no res judicata or estoppel effect" on any person.  Based on the following, the Bankruptcy Court's order is **VACATED**.

**BACKGROUND**

**I.    Legal Representation in the Bankruptcy Proceedings.**

Nizar Solehdin and Yasmeen Solehdin (the Solehdins) are shareholders of 630420BC, Ltd., a Canadian numbered corporation whose sole asset is Fair Vista.  In February 2002, Fair Vista purchased a hotel located at 5116 Monkhouse Drive, Shreveport, Louisiana, from Briman Management, Ltd., and Meyer Gindin and financed through Briman/Gindin and Hibernia National Bank.  In connection with that purchase, Fair Vista assumed Briman's Ramada franchise.  The Solehdins guaranteed Fair Vista's obligations to Briman, Ramada and Hibernia.  Nizar Solehdin was apparently not pleased with the physical condition of the hotel, so he communicated with Robert H. Shemwell, Jr.,

Kenneth P. Haines, and Weems, Schimpf, Gilsoul, Haines & Carmouche, APLC (collectively "Shemwell") regarding the filing of a redhibition suit against Ramada Franchise Systems, Inc., Briman and Gindin.  On August 19, 2003, Nizar Solehdin executed a retention letter hiring the Shemwell parties to prosecute a "Commercial Litigation Claim."  Shemwell did in fact file a petition on behalf of Fair Vista in November 2003 against Ramada, Briman and Gindin.  However, unbeknownst to Shemwell, Ramada had filed suit in United States District Court in New Jersey against Fair Vista and the Solehdins.  This action was later referred to the bankruptcy court.

On December 1, 2003, a Chapter 11 petition was filed by Shemwell on behalf of Fair Vista.  [Doc. No. 4-1, 4-12].  Nizar Solehdin, as president, and Yasmeen Solehdin, as secretary, authorized the filing of the Chapter 11.  The bankruptcy court, by written order, allowed Shemwell to serve as counsel for Fair Vista as Debtor-in-Possession on December 18, 2003.  On March 22, 2004, the bankruptcy court appointed John W. Luster ("Luster") as Chapter 11 Trustee.  [Doc. No. 4-47].  Luster filed an Application for Appointment of Attorney for Chapter 11 Trustee seeking to have himself appointed as attorney for Fair Vista's estate [Doc. No. 4-57] which the bankruptcy court approved [Doc. No. 4-60].  On April 27, 2004, the New Jersey case against Fair Vista and the Solehdins was referred to the bankruptcy court.

On June 25, 2004, Luster filed an "Application to Sell" indicating that Briman had offered $25,000 to purchase Fair Vista's claim against Briman.  [Doc. No. 4-70].  Luster also indicated that he considered the sale to be in the best interest of the estate.  Hibernia objected, arguing that the claims should be compromised instead of sold.  [Doc. No. 4-72].  Shemwell, on behalf of the Solehdins, opposed Luster's application explaining that the claim against Briman and Gindin was the largest, if not the largest, asset of the estate.

[Doc. No. 4-73].  An Amendment to Application to Sell and for Approval for Compromise was filed by Briman to satisfy Hibernia's concerns about selling the claims.  [Doc. No. 4-80].  Ramada objected to the compromise, explicitly stating, "RFS does not object to the Trustee settling with Briman; however, RFS requests that any such order make clear that RFS is not a party to the compromise and that said compromise will not affect, in any way, RFS' claim against Fair Vista and its guarantors pending in Adversary Proceeding No. 04-01020.  Simply put, RFS does not, and will not, agree to dismiss its claims against Fair Vista and the guarantors."  Hibernia objected again, noting Ramada's concerns and noting inaccuracies in the Amended Application.  Shemwell objected on behalf of the Solehdins to that amended application.

In an attempt to satisfy the concerns with the compromise, Luster and Briman filed a Second Amended Application for Approval of Compromise, expanding the scope of the release to include claims to rescind or annul the sale of the 5116 Monkhouse Drive property. [Doc. No. 4-94].  On September 14, 2004, the bankruptcy court authorized Luster to settle "all claims of the Debtor against Ramada Franchise Systems, Inc. ('Ramada'), Briman and Meyer Gindin…." [Doc. No. 4-99, 4-105].  The order further provided that the settling defendants could proceed against third parties, ostensibly including the Solehdins, "The settlement of the Adversary Proceedings pursuant to the terms of this Order shall not affect the rights of third parties or the rights of any party to the settlement against third parties." [Id.].

Shemwell moved to withdraw as counsel for Fair Vista on March 22, 2005.  [Doc. No. 4-170] which the bankruptcy court granted [Doc. No. 4-175].  Shemwell then filed a First and Final Application for Allowance of Fees and Reimbursement of Costs Filed on Behalf of Attorney for the Debtor in Possession noting that a retainer of $19,247.83 was

received and that no additional fees were requested.  [Doc. No. 4-186].  Luster opposed

that application, lodging the following objection:

> Applicable law dictates that work done by the debtor's attorney
> after the appointment of a Chapter 11 trustee is not
> compensable from property of the estate.  If the Court finds
> that the sums requested for work done prior to the appointment
> of a trustee are not sufficient to extinguish their retainer, the
> remaining retainer being held by the debtor's counsel should
> be turned over to the trustee.

[Doc. No. 4-195].  After a hearing [Doc. No. 4-228], the bankruptcy court eventually granted

Shemwell fees of $5,710 with the remainder to be forwarded to Luster.  [Doc. No. 4-222].

## II.      The State Malpractice Action.

On December 2, 2004, Fair Vista and the Solehdins filed a Petition for Damages

against Shemwell alleging numerous counts of negligence concerning the prior legal

representation.  Shemwell responded by filing numerous exceptions asserting, *inter alia*,

that the state court malpractice action was barred by *res judicata* by the bankruptcy court's

fee ruling.  Shemwell commenced an adversary proceeding in Fair Vista's bankruptcy case

for a declaratory judgment that Fair Vista claims asserted in the state case were property

of Fair Vista's bankruptcy estate.  The bankruptcy court agreed.

## III.     The Rule 60(b) Motion in Bankruptcy Court.

Prior to the hearing on Shemwell's exception, Luster filed a "Motion out of

Abundance of Caution for Rule 60(B) Relief to Declare the Applicability of Rule 7013 to

Trustee's Legal Malpractice Claims in State Court."  [Doc. No. 4-246].  According to the

motion, "any failure by him to assert a counterclaim against the Shemwell Parties during

the fee application process was through oversight, inadvertence, or excusable neglect" and

that "justice require[d] that he be entitled to commence a 'separate action' against the

Shemwell Parties." [Id.].  Shemwell objected to the Rule 60(b) motion on the ground that

the motion sought Rule 60(b)(1) relief and was thus untimely because the motion was not brought within one year. [Doc. No. 2-252]. Luster responded by stating that his request was not for relief pursuant to Rule 60(b), but rather that he wanted the bankruptcy court to declare that the malpractice claims were subject to Rule 7013 of the bankruptcy rules. [Doc. 2-253].[1]

At the hearing on the motion, the bankruptcy court found that Rule 60(b)(6) applied and stated as follows:

> The problem is, is that I don't think-I don't think that it was ever my intent to stop or to eliminate the litigation between the parties in the state court when I issued a ruling on the fee application. I was aware of the fact that litigation was pending. We discussed the fact that the trustee needed to be involved in that, and the parties thereafter arranged for the trustee to become involved.
> I think this is, from my point of view, this is a 60(b)(6): Any other reason justifying relief from the operation of the judgment.
> If it requires that I state it, I will. I screwed up. I should have been aware of the fact that estoppel would be an issue, and we should have made a point, because we were aware of the litigation, and it was not my intention to prejudice that litigation.

[Doc. No. 9 (Transcript of September 25, 2006, hearing at 13-15) (emphasis added)]. Rule 60(b)(6) does not have the one year statute of limitations that applies to Rule 60(b)(1). Accordingly, the bankruptcy court signed an order which provided:

> IT IS HEREBY ORDERED, that for the reasons stated in open court and pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, adopting Rule 60 of the Federal Rules of Civil Procedure, the Trustee and the Solehdins are hereby relieved, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, from the final effect of the Court's August 23, 2005, order (Doc. 222) granting in part the fee application

---

[1]Whether the bankruptcy court's order would have been valid pursuant to Rule 7013 is not an issue on appeal.

of the Shemwell Parties, and the non-final order shall have no res judicata or estoppel effect on any person, including the Trustee and the Solehdins, in the legal malpractice action styled as "Solehdin, et al. v. Robert H. Shemwell, Jr. et al.," Case No. 490,107, which is pending in the 1st Judicial District Court for the Parish of Caddo.

[Doc. No. 4-254].  It is this from this ruling that the Appellants seek relief from this Honorable Court.

## LAW AND ANALYSIS

### A.    Jurisdiction and Standard of Review.

"A timely appeal may be taken under Fed. Rule App. Proc. 4(a) from a ruling on a Rule 60(b) motion.  The Court of Appeals may review the ruling only for abuse of discretion, however, and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review."  Browder v. Director, Dept. of Corrections of Ill., 434 U.S. 257, 263 n. 7, 98 S. Ct. 556, 54 L. Ed. 2d 521 (1978).

This Court has jurisdiction over appeals from the Bankruptcy Court's orders pursuant to 28 U.S.C. § 158(a).  In reviewing a decision of the Bankruptcy Court, this Court functions as an appellate court and applies the standards of review generally applied in a federal court of appeals.  See Matter of Webb, 954 F.2d 1102, 1103-04 (5th Cir. 1992).  Conclusions of law are reviewed *de novo*.  See Matter of Herby's Foods, Inc., 2 F.3d 128, 131 (5th Cir. 1993).  Findings of fact are not to be set aide unless clearly erroneous.  See id. at 130-31.  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed."  Matter of Missionary Baptist Foundation of America, 712 F.2d 206, 209 (5th Cir. 1983).

**B.      Rule 60(b).**

Federal Rule of Civil Procedure Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: **(1) mistake, inadvertence, surprise, or excusable neglect;** (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; **or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.**

Luster argued that "any failure by him to assert a counterclaim against the Shemwell Parties during the fee application process was through oversight, inadvertence, or excusable neglect" and that "justice require[d] that he be entitled to commence a 'separate action' against the Shemwell Parties." [Doc. No. 4-246].  At the hearing, the bankruptcy judge indicated that it was he who had "screwed up." [Doc. No. 9 (Transcript of September 25, 2006, hearing at 13-15)].  If either of these scenarios warranted relief pursuant to Rule 60(b), it would be under subsection (1) for mistake, inadvertence, surprise, or excusable neglect.  See  Meadows v. Cohen, 409 F.2d 750, 752 n.4 (5th Cir. 1969)(the "mistakes" of judges may be remedied under Rule 60(b)(1)).  Accordingly, Luster's motion for such relief was barred since it was not filed within one year.  The law does not allow a party to reincarnate an untimely 60(b)(1) claim as a viable 60(b)(6) claim by arguing that justice will not be served if the mistake is not corrected.  The law is clear that the two subsections are mutually exclusive.  Liljeberg v. Health Services Acquisition Corp.,  486 U.S. 847, 864, 108

S.Ct. 2194, 2205 (1988)(*citing* <u>Klapprott v. United States</u>, 335 U.S. 601, 613, 69 S.Ct. 877 (1949)).

The bankruptcy court abused its discretion when it issued its September 6, 2006 order pursuant to Rule 60(b)(6) and purportedly relieved Luster and the Solehdins from the final effect of its August 23, 2005 order.  The merits of Luster's exception of *res judicata* in the state malpractice action shall be determined by the state court.  The bankruptcy court's attempt to issue an advisory opinion on the issue under the guise of Rule 60(b) was without legal basis.

## CONCLUSION

For the reasons stated above, the bankruptcy court's order of September 26, 2006 [Doc. No. 1-2] is **VACATED.**  A Judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 13th day of September, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE